IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00061-WYD-MJW

LETITIA STRONG,

     Plaintiff,

v.

YELLOW TRANSPORTATION, INC.,

     Defendant.

---

**ORDER**

---

I.    <u>Introduction</u>

    THIS MATTER is before the Court on Defendant Yellow Transportation, Inc.'s

Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, filed May 1, 2009

[#24].

    From March 2004 to May 25, 2005 Plaintiff was employed by Defendant as a

dockworker and driver.  In her Amended Complaint, filed April 20, 2009, Plaintiff asserts

claims for violations of Title VII of the Civil Rights Act, the Colorado Anti-Discrimination

Act, and the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*),

seeking redress for alleged discrimination based on gender and disability.  Amended

Complaint at ¶¶ 1, 7, In the motion to dismiss, Defendant asserts that Plaintiff is

procedurally barred from asserting these claims under the doctrine of judicial estoppel.

-1-

II.     Motion to Dismiss

    A.     Standard of Review

    As an initial matter, I note that Plaintiff failed to file any response to the motion to

dismiss within the twenty-day time frame required by D.C.COLO.LCivR 7.1.

Consequently, I issued an Order to Show Cause on June 4, 2009, ordering Plaintiff to

show cause in writing on or before Monday, June 8, 2009, indicating whether she

intended to file a response to the motion to dismiss and, if so, why she failed to do so

within the time frame provided by this Court's Local Rules of Practice.  To date, Plaintiff

has failed to file a response to the motion to dismiss or a response to the Order to Show

Cause.  Therefore, I must conclude that Plaintiff does not intend to respond to the

motion to dismiss.

    However, "a district court may not grant a motion to dismiss for failure to state a

claim 'merely because [a party] failed to file a response . . . . This is consistent with the

purpose of Rule 12(b)(6) motions as the purpose of such motions is to test 'the

sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true.'"  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).  "Consequently, even if a

plaintiff does not file a response to a motion to dismiss for failure to state a claim, the

district court must still examine the allegations in the plaintiff's complaint and determine

whether the plaintiff has stated a claim upon which relief can be granted."  *Id.* at 1177-

78.  Accordingly, I must evaluate the legal arguments contained in the motion to

dismiss, despite Plaintiff's failure to respond.

B.    Analysis

Defendant contends that Plaintiff is procedurally barred from asserting the claims

in her Amended Complaint under the doctrine of judicial estoppel because these claims

had already accrued at the time she had filed for bankruptcy, but were not disclosed to

the Bankruptcy Court while her Chapter 7 case was pending.  As discussed above, from

March 2004 to May 25, 2005 and July 2006 to present, Plaintiff was employed by

Defendant as a dockworker and driver.  Amended Complaint at ¶ 7.  Plaintiff brings

claims against Defendant for discrimination based on gender and disability.  According

to the Amended Complaint:

> Among the acts of discrimination committed against Plaintiff
> by reason of her disability and gender are the following:
>
> a.      Plaintiff was fired after being injured on the job
>         despite being placed back to full duty with no
>         restrictions by the worker's compensation physician.
>         Defendant fired Plaintiff as a result of her disability;
> b.      Plaintiff has been subjected to sexual harassment by
>         coworkers because she is female.

Amended Complaint at ¶ 10.  Plaintiff alleges that she "was released from her job as a

dockworker/driver" on May 25, 2005.  Amended Complaint at ¶ 9.  Plaintiff further

contends that "Defendant permits harassment of female employees by permitting a

hostile work environment to persist at the place of employment."  Amended Complaint

at ¶ 32.

Defendant asserts that on June 14, 2005, three weeks after Plaintiff was

allegedly terminated, she filed a Chapter 7 Voluntary Petition in the United States

Bankruptcy Court for the District of Colorado.  The Voluntary Petition did not list any

claims against Defendant.  Specifically, Defendant notes that Plaintiff represented on
Schedule B to the Petition that she had no "contingent and unliquidated claims."
Defendant has attached to its motion to dismiss a copy of the electronic docket of the
United States Bankruptcy Court for the District of Colorado for Bankruptcy Petition #05-
24643-MER (Debtor Letitia Gail Strong); a certified copy of Plaintiff's Chapter 7
Voluntary Petition, Statement of Financial Affairs, Summary of Schedules and
Schedules.  Rather than convert the motion to dismiss to a motion for summary
judgment pursuant to Fed. R. Civ. P. 12(d), I find it appropriate to take judicial notice of
the facts contained in these documents.[1]  *See Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24
(10th Cir. 2006) ("facts subject to judicial notice may be considered in a Rule 12(b)(6)
motion without converting the motion to dismiss into a motion for summary judgment").
Based on the Bankruptcy Court's electronic docket (Bankruptcy Petition #05-24643-
MER, docket #14), Plaintiff received a discharge from the Bankruptcy Court on October
5, 2005; the same day she filed her first Equal Employment Opportunity Commission
("EEOC") charge against Defendant.  *See* Amended Complaint at ¶ 13; Complaint at
Ex. C (Plaintiff's October 5, 2005 EEOC Charge).  It is also clear from the Bankruptcy
Court's electronic docket that Plaintiff was represented by counsel during the

---

[1]"Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts."  *York v. AT&T*, 95 F.3d 948, 958 (10th Cir. 1996).  Judicial notice replaces the evidentiary procedure that would otherwise be necessary to establish 'adjudicative fact[s]' that are generally known or 'capable of accurate and ready determination' by resort to other reliable sources."  *York*, 95 F.3d at 958 (quoting Fed.R.Evid. 201(b)).

bankruptcy.

Pursuant to 11 U.S.C. § 541(a)(1), the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," including causes of action and legal claims belonging to the debtor at the commencement of the bankruptcy case. *Sender v. Simon*, 84 F.3d 1299, 1304-05 (10th Cir. 1999). Moreover, the bankruptcy code imposes a duty upon a debtor to disclose all assets, including pending or potential legal claims or causes of action. *See* 11 U.S.C. § 521(1); *Eastman v. Union Pacific R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007). It is clear from the allegations contained in the Amended Complaint that Plaintiff's disability and gender discrimination claims had accrued by May 25, 2005; weeks prior the filed of her Voluntary Petition on June 14, 2005. It is also clear that Plaintiff did not list these claims as part of her Voluntary Petition, and only sought to pursue these claims the day she received her discharge from the Bankruptcy Court.

The doctrine of judicial estoppel provides that: "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Application of the doctrine requires (1) that a party's later position is clearly inconsistent with its earlier position; (2) that the party has succeeded in persuading a court to accept its earlier position; and (3) that the party would derive an unfair advantage if not estopped. *Johnson*, 405 F.3d at

1069.  According to Defendant, numerous federal courts, including those within the Tenth Circuit, have held that the doctrine of judicial estoppel prevents a party from pursuing a cause of action that was not disclosed the bankruptcy court.  *See Eastman*, 493 F.3d at 1158 (affirming the district court's ruling that plaintiff was judicially estopped from pursuing personal injury claims that were not disclosed to the bankruptcy court); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (noting that all six appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a cause of action, cannot realize on that concealed asset after the bankruptcy ends).

Here, the claims in the Amended Complaint, which are based on events occurring on and prior to May 25, 2005, are inconsistent with Plaintiff's June 14, 2005 Voluntary Petition, in which she fails to identify any pending or potential legal claims or causes of action.  Plaintiff's position that she had no pending or potential legal claims or causes of actions was accepted by the Bankruptcy Court for the District of Colorado when Plaintiff's Voluntary Petition was discharged on October 5, 2005.  Finally, if Plaintiff were not estopped she would receive an unfair advantage by discharging her debts, thereby depriving her creditors of amounts due to them, and subsequently filing a lawsuit seeking monetary damages.  Based on the Tenth Circuit's holdings in *Johnson*, *supra*, and *Eastman*, *supra*, and without the benefit of any explanation or response from Plaintiff, I find that it is appropriate to apply the doctrine of judicial estoppel to bar Plaintiff from pursuing the claims asserted in her Amended Complaint.

III.    Conclusion

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Defendant Yellow Transportation, Inc.'s Rule 12(b)(6) Motion to

Dismiss Plaintiff's First Amended Complaint, filed May 1, 2009 [#24] is **GRANTED** and

the claims and causes of action set forth in Plaintiff's First Amended Complaint are

**DISMISSED WITH PREJUDICE**.

Dated:  June 12, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge