IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00061-WYD-MJW

LETITIA STRONG,

    Plaintiff,

v.

YELLOW TRANSPORTATION, INC.,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reconsider Order of Dismissal, filed June 12, 2009 [#31].  Defendant filed a Response to the motion on June 16, 2009.

In this case, Plaintiff is seeking redress for alleged discrimination based on gender and disability in violation of her rights under Title VII of the Civil Rights Act, the Colorado Anti-Discrimination Act, and the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*).  Amended Complaint at ¶¶ 1, 7.  In its motion to dismiss, Defendant contended that Plaintiff is procedurally barred from asserting these claims under the doctrine of judicial estoppel because these claims had already accrued at the time she had filed for bankruptcy, but were not disclosed to the Bankruptcy Court while her Chapter 7 case was pending.  While Plaintiff did not file a response to the motion to dismiss, I nevertheless evaluated the legal arguments contained in the motion in order

-1-

to determine whether dismissal was appropriate. On June 12, 2009, I entered an Order finding that the claims asserted in the Amended Complaint, which are based on events occurring on and prior to May 25, 2005, are inconsistent with Plaintiff's June 14, 2005 Voluntary Petition, in which she fails to identify any pending or potential legal claims or causes of action. I concluded that based on the Tenth Circuit's holdings in *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005), and *Eastman v. Union Pacific R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007), it was appropriate to apply the doctrine of judicial estoppel to bar Plaintiff from pursuing the claims asserted in her Amended Complaint. Judgment in favor of Defendant entered June 12, 2009.

In the motion to reconsider, Plaintiff's counsel contends that he did not realize that a response to Defendant's motion to dismiss was necessary given that the Court had dismissed a previous motion to dismiss. Plaintiff's counsel further states that he failed to respond to the Court's June 4, 2009 Show Cause Order, ordering a written explanation as to why he had failed to respond to Defendant's motion to dismiss, because it was filtered by his e-mail software as "junk." Plaintiff does not dispute the propriety of dismissal of the Amended Complaint based on the doctrine of judicial estoppel. Rather, Plaintiff requests four months time to reopen the bankruptcy "and obtain joinder, ratification or substitution of the bankruptcy trustee."

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order. As to final judgments, the Tenth Circuit "construe[s] a motion for reconsideration in one of two ways." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Where, as here, the motion is "'filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).'" *Id.* (quotation omitted). There are three major grounds that justify reconsideration under Rule 59(e) (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches*, 950 F. Supp. at 300 ("a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple' and make legal arguments that could have been raised before").

Here, because Plaintiff has not cited any new law or facts that could not have been raised earlier had Plaintiff filed a response to the motion to dismiss, I must assume she requests reconsideration to "correct clear error or prevent manifest injustice." As an initial matter, I note that the decision to dismiss this case was not based on Plaintiff's failure to respond to the motion to dismiss. As discussed above, I carefully evaluated the legal arguments contained in Defendant's motion to dismiss before concluding that dismissal was appropriate. However, even after considering the argument raised by Plaintiff in the motion to reconsider, I am not persuaded that reconsideration of my prior order is warranted.

Plaintiff requests four months time to reopen her bankruptcy "and obtain joinder, ratification or substitution of the bankruptcy trustee." In support of this request, Plaintiff cites *Wieburg v. GTE Southwest Inc.*, 272 F.3d 301, 308 (5th Cir. 2001) and *Bexley v. Dillon Companies, Inc.*, 2006 WL 758474 (D. Colo. 2006) (unreported). While both of these cases involve the propriety of dismissal of a plaintiff's claims where the plaintiff filed for bankruptcy after the events giving rise to the claims occurred, the primary issue addressed by the courts in those cases was not application of the doctrine of judicial estoppel, but whether the plaintiff had standing to such pursue claims when the bankruptcy Trustee was arguably the real party in interest under Fed. R. Civ. P. 17. In *Wieburg*, the Fifth Circuit Court of Appeals found, pursuant to specific language in Rule 17(a) and the Advisory Committee's Notes, that the district court erred by failing to consider whether the plaintiff had a reasonable time after defendant contended she lacked standing to obtain "joinder, ratification, or substitution of the Trustee, or whether

her decision to pursue the action in her own name was the result of an understandable mistake." *Wieburg*, 272 F.3d at 308.  Rule 17(a), provides that "[n]o action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest."

However, in this case, Defendant sought dismissal under the doctrine of judicial estoppel, not based on Plaintiff's lack of standing or her failure to bring this case in the name of the real party in interest under Rule 17.  In any event, Plaintiff does not contend that her failure to include her discrimination claims in her bankruptcy filing was the result of an understandable mistake.  I note that Plaintiff was represented by counsel during her bankruptcy.  In fact, Plaintiff offers no explanation for her failure to seek ratification or joinder of the bankruptcy Trustee prior to brining this case, nor does she explain what action she has taken to obtain ratification, substitution or joinder of the bankruptcy Trustee since the issue was initially raised in Defendant's first motion to dismiss filed March 20, 2009.  Moreover, Plaintiff cannot avoid application of judicial estoppel by requesting additional time to obtain ratification, substitution or joinder of the bankruptcy Trustee after the fact.  As discussed by the Eleventh Circuit in *Burnes v. Pemco Aeroplex, Inc.*, allowing her to do so would undermine the policies judicial estoppel is designed to protect:

> Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.  This so-called remedy would only

> diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets."

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). For these reasons, I decline to reconsider my prior Order dismissing Plaintiff's claims under the doctrine of judicial estoppel.

Therefore, it is hereby

ORDERED that Plaintiff's Motion to Reconsider Order of Dismissal, filed June 12, 2009 [#31] is **DENIED**.

Dated: July 14, 2009

        BY THE COURT:

        s/ Wiley Y. Daniel
        Wiley Y. Daniel
        Chief United States District Judge